IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

ROBERT GROSS and
DAISEY GROSS,

    Plaintiffs,

vs. : CIVIL ACTION NO.: CV510-093

MARK WILLIAMS and
TERESA GRANT,

    Defendants.

## ORDER

Plaintiffs, proceeding *pro se*, filed this action on September 2, 2010. Defendant Teresa Grant has moved for a dismissal of Robert Gross' claims.

The Court is reluctant to rule on said motion without receiving a response from the Plaintiffs or insuring that Plaintiffs are advised of the potential ramifications caused by their failure to respond. Once such a motion is filed, the opponent should be afforded a reasonable opportunity to respond to or oppose such a motion. This Court must consider that the Plaintiffs in this case are *pro se* litigants. Haines v. Kerner, 404 U.S. 519, 520 (1972). When a defendant or defendants file a motion to dismiss, the court must construe the complaint liberally in favor of plaintiffs, taking all facts alleged by the plaintiffs as true. Miree v. Dekalb County, 433 U.S. 25, 27 n.2 (1977); Blum v. Morgan Guar. Trust Co., 709 F.2d 1463, 1466 (11th Cir. 1983). The Supreme Court in Conley v. Gibson, 355 U.S. 41, 45, 46 (1957) stated that:

> [i]n appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

The granting of a motion to dismiss is disfavored and rare. Sosa v. Coleman, 646 F.2d 991, 993 (5th Cir. Unit B June 1981).[1] Furthermore, a claim, especially one presented in a case by *pro se* litigants, should not be dismissed unless it appears that the plaintiffs can prove no facts which would entitle them to relief. Dykes v. Hosemann, 743 F.2d 1488, 1499 (11th Cir. 1984) Furthermore a local rule, such as Local Rule 7.5 of this court,[2] should not in any way serve "as a basis for dismissing a *pro se* civil rights complaint where, as here, there is nothing to indicate plaintiff ever was made aware of it prior to dismissal." Mitchell v. Inman, 682 F.2d 886, 887 (11th Cir. 1982).

Accordingly, Plaintiffs are hereby **ORDERED** to file any objections to the Defendant Grant's motion for a dismissal, or to otherwise inform the court of their decision not to object to Defendant's motion within twenty-one (21) days of the date of this Order. See Griffith v. Wainright, 772 F.2d 822, 825 (11th Cir. 1985)(espousing importance of strict adherence to notice requirements in *pro se* motions for summary judgment). Should Plaintiffs not timely respond to Defendant Grants' motion, the Court will determine that there is no opposition to the motion. See Local Rule 7.5. In order to assure that Plaintiffs' response is made with fair notice of the requirements of the Federal Rules of Civil Procedure regarding motions to dismiss, generally, and motions to dismiss for failure to state a claim upon which relief may be granted, the Clerk of Court is hereby instructed to

---

[1] Decisions of the former Fifth Circuit, Unit B, rendered after September 31, 1981, are binding precedent in this Circuit. Stein v. Reynolds Securities, Inc., 667 F.2d 33, 34 (11th Cir. 1982).

[2] Local Rule 7.5 states:

> Unless . . . the assigned judge prescribes otherwise, each party opposing a motion shall serve and file a response within fourteen (14) days of service of the motion, except that in cases of motions for summary judgment the time shall be twenty-one (21) days after service of the motion. <u>Failure to respond shall indicate that there is no opposition to a motion.</u> (emphasis added).

AO 72A
(Rev. 8/82)

attach a copy of Rule 41, FED. R. CIV. P., as well as Rule 12, FED. R. CIV. P., to the copy of this Order that is served on the Plaintiffs.

**SO ORDERED**, this 11th day of February, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE